IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS, ) | |
| ) | |
| Plaintiff, ) | 4:05cv3238 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| LANCASTER COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the following pending motions: (1) Filing No. 44, the Motion for In Camera Inspection filed by the plaintiff, Jerome Davis; (2) Filing Nos. 46 47 and 64, the plaintiff's Motions to Compel Discovery; (3) Filing No. 51, the plaintiff's Motion for Default Judgment; (4) Filing No. 52, the plaintiff's Motion for Summary Judgment; (5) Filing No. 71, the Motion for Summary Judgment filed by defendants-Mike Thew, Joe Anderson and Mike Thurber; and (6) Filing No. 76, the plaintiff's Motion to Recuse Judge. The plaintiff is a state prisoner who was previously in the custody of the Lancaster County Jail when the events at issue in this case took place.

As a preliminary matter, Filing No. 76, the plaintiff's Motion to Recuse Judge, is denied. The plaintiff's allegations of evasion, conflict of interest, and discrimination are without foundation and are frivolous. Any delays experienced by the plaintiff in connection with this matter are attributable to the size of the court's docket and the number of other litigants requiring attention.

The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §1983, alleging excessive force by the defendants. According to the defendants, an altercation occurred on November 16, 2004, between the plaintiff and Lancaster County Corrections Officer Matthew Vincentini, during which the plaintiff struck Vincentini several times. Other officers

came to Vincentini's aid and restrained the plaintiff, placing the plaintiff in an emergency restraint chair and then into a holding cell. The plaintiff contends that "this is an open and shut case" in that the use of the restraint chair violated the Eighth Amendment to the United States Constitution as well as his rights to due process and equal protection.

In Filing No. 44, the plaintiff asks the court to require the defendants to produce the restraint chair for an in camera inspection, so that the court may view the chair at trial. Construing the plaintiff's filings liberally, the plaintiff is requesting production of the restraint chair as demonstrative evidence for the bench trial of this case. Filing No. 44 is denied at this time as premature, without prejudice to reassertion at the appropriate time when exhibits are to be designated for the trial of this matter.

In Filing Nos. 46, 47 and 64, the plaintiff moves to compel answers to interrogatories served on Matthew Vincentini and production of documents and things, all requested in November of 2005. Filing Nos. 53, 55, 59 and 60 are Certificates of Service of the defendants' responses to the plaintiff's requests for production of documents and for Inspection and Discovery. Filing Nos. 63 and 75 are Certificates of Service of answers to plaintiff's interrogatories served on Matthew Vincentini and Mike Thew. Thus, the record does not indicate what, if any, discovery remains unanswered. If the plaintiff believes he has received insufficient responses to particular discovery requests, he must attach to a renewed motion copies of the pertinent request(s) and response(s), and he must submit a brief explaining the nature of the deficiency about which he complains or the relief he seeks. Filing Nos. 46, 47 and 64 are denied because the plaintiff has failed to make a record of any kind in support of his motions.

In Filing No. 51, the plaintiff seeks a default judgment against all defendants, alleging that the defendants filed an untimely answer to the complaint. However, the defendants filed a Motion for Extension of Time to File Answer on December 6, 2005 (Filing No. 42), which the court granted on the same day (Filing No. 43). The defendants requested and received an extension until January 6, 2006 to file their Answer. They filed the Answer (Filing No. 49) on January 5, 2006, one day early. The plaintiff has shown no basis whatsoever for a default judgment. In addition, he has not complied with the requirements of Fed. R. Civ. P. 55. Filing No. 51 is denied.

In Filing No. 52, the plaintiff moves for summary judgment against the defendants on the theory that use of the restraint chair was a form of barbaric corporal punishment, and that he still suffers back problems caused by the incident. However, the plaintiff offers no legal authority substantiating his claim that the use of the restraint chair is a per se violation of the Constitution, and he presents no factual evidence of any kind. Contrary to the plaintiff's assertion, the use of a restraint chair to control a disruptive or violent inmate or detainee is not "an open and shut case." See, e.g., Fuentes v. Wagner, 206 F.3d 335, 343 (3d Cir. 2000):

> Clearly, there is evidence in this record from which a reasonable jury could conclude that use of the restraint chair was punishment. Sergeant Brown testified that the chair is used in the disciplinary unit for behavior modification purposes. Warden Wagner testified that the restraint chair is used to abate an inmate's behavior, and that it is used for behavior modification and control. Perhaps most significantly, he also testified that there is nothing the inmate can do to affect the amount of time he will remain in the chair once the inmate is placed in it.
>
> However, there is also evidence from which a reasonable jury could conclude that Fuentes was placed in the restraint chair to quell a disturbance and restore the order and security of the institution. Kleeman testified that the restraint chair is used to handle an aggressive inmate who is causing harm to himself or others. Kleeman and Konemann both testified that

3

>Fuentes kicked his cell door and swung his handcuffed hands at Konemann's head. Konemann testified that although Fuentes was not physically aggressive when released from the chair during the first and second rest periods, Fuentes did continue to make threats.
>
>Given this conflicting evidence, we disagree with Fuentes' contention that a reasonable jury could only conclude that use of the chair was punitive. The evidence was sufficient to allow a jury to conclude that he was placed in the restraint chair to stop his disruptive behavior and maintain prison order and security. Accordingly, the Magistrate Judge did not err in denying Fuentes' motion for judgment as a matter of law. "Conflicting evidence which could reasonably lead to inconsistent conclusions will not justify" a judgment as a matter of law.

The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for [his] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [he] believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In response, the opponent must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original).  The court must examine the record in the light most favorable to the nonmoving party.  See, e.g., Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.").  The plaintiff has presented no factual or legal foundation for the entry of summary judgment in his favor.

In Filing No. 71, defendants-Mike Thew, Joe Anderson and Mike Thurber state that they were not present during the altercation on November 16, 2004, and that they did not participate at all in restraining the plaintiff or placing the plaintiff in the emergency restraint

4

chair on that date. The plaintiff also complains of a Memorandum provided to him by Lancaster County Corrections Superintendent Terry Weber on or about April 7, 2005, informing the plaintiff of certain restrictions imposed upon him. Although copies of the April 7, 2005, Memorandum were sent to defendants-Thew, Anderson and Thurber, those defendants did not take part in the decision to impose the restrictions on the plaintiff. Thew, Anderson and Thurber explain that they had job responsibilities which required that they be informed of the contents of the Memorandum.

Quite apart from whether the Memorandum or the restrictions imposed on the plaintiff violated his constitutional rights, a matter which is not presently before the court, the plaintiff has failed to present a factual issue that the defendants had any involvement in the preparation of the Memorandum or in the decision-making regarding the restrictions placed upon him. Therefore, as the defendants point out, the plaintiff has failed to demonstrate any causal connection between Thew, Anderson and Thurber, on the one hand, and the deprivation, if any, of the plaintiff's rights, on the other.

In Filing No. 74, the plaintiff responds that the fact that Thew, Anderson and Thurber "signed off on the Memorandum makes them just as liable for the deprivation of [his] privileges ...." The plaintiff goes on to allege that by "signing off" on the Memorandum, the defendants violated the Due Process Clause of the United States Constitution and Nebraska law. However, the plaintiff cites no authority for those arguments, and, on the contrary, generally a defendant must have had some personal involvement in an alleged violation of a plaintiff's civil rights. In addition, liability under the civil rights laws cannot be founded on principles of respondeat superior or vicarious liability for constitutional injuries allegedly inflicted by other employees. See, e.g., Shrum ex rel. Kelly v. Kluck, 249 F.3d

5

773, 778 (8th Cir. 2001), *citing* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989).

The plaintiff has failed to come forward with evidence of any involvement by Thew, Anderson and Thurber beyond their receipt of Weber's Memorandum. "[T]he mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment as a matter of law .... Instead, 'the dispute must be outcome determinative under prevailing law.'" Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992) (citations omitted). Accord Dico, Inc. v. Amoco Oil Co., 340 F.3d 525, 529 (8th Cir. 2003). "If the evidence is merely colorable ... or is not sufficiently probative ... summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The court may not weigh the evidence, determine credibility, or decide the truth of any factual matter in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249; Tatum v. City of Berkeley, 408 F.3d 543, 549 (8th Cir. 2005). However, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249.

Filing No. 71, the Motion for Summary Judgment filed by defendants-Mike Thew, Joe Anderson and Mike Thurber, is granted. The plaintiff's claims against Thew, Anderson and Thurber will be dismissed.

THEREFORE, IT IS ORDERED:

1. That Filing No. 44, the Motion for In Camera Inspection filed by the plaintiff, Jerome Davis, is denied as premature, without prejudice to reassertion at the appropriate time when exhibits are to be designated for the trial of this matter;

6

2. That Filing Nos. 46 47 and 64, the plaintiff's Motions to Compel Discovery, are denied absent a properly supported and more specific renewed motion;

3. That Filing No. 51, the plaintiff's Motion for Default Judgment, is denied;

4. That Filing No. 52, the plaintiff's Motion for Summary Judgment, is denied;

5. That Filing No. 71, the Motion for Summary Judgment filed by defendants- Mike Thew, Joe Anderson and Mike Thurber, is granted, and those defendants are dismissed from this litigation;

6. That Filing No. 76, the plaintiff's Motion to Recuse Judge, is denied; and

7. That pursuant to Fed. R. Civ. P. 54(b), this decision is not a final and appealable order until after entry of judgment adjudicating all the claims and rights of the parties.

Dated this 24th day of March, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Court