IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS, ) | |
| ) | 4:05cv3238 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | (Appeal) |
| ) | |
| LANCASTER COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 92, the Notice of Interlocutory Appeal, which, construed liberally, may also be intended to serve as a motion for certification of an interlocutory appeal, filed by the plaintiff, Jerome Davis, a prisoner. Also before the court is filing no. 93, a Memorandum from the Clerk of Court inquiring whether the plaintiff is permitted to proceed in forma pauperis ("IFP") on appeal.

This court previously granted the plaintiff leave to proceed IFP in the district court. Therefore, Fed. R. App. P. 24(a)(3) would ordinarily continue IFP status on appeal. However, 28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997): "District courts should continue to certify pursuant to [28 U.S.C.] § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'"

The plaintiff seeks to appeal an interlocutory order. 28 U.S.C. § 1292(b) establishes grounds for certification of an interlocutory appeal, i.e., if the decision to be appealed

involves a controlling question of law as to which substantial grounds for difference of opinion exist, so that an immediate appeal could materially advance the ultimate termination of this litigation. This is not such a case. The decision appealed from (filing no. 82) does not involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of this litigation. In fact, the appeal would only delay the progression of the proceedings, and there is no apparent reason why the present appeal could not await the entry of a final judgment in this case.

For those reasons and for the reasons stated in filing no. 82, the court certifies that the present interlocutory appeal is frivolous and is not taken in good faith.[1] Therefore, IFP status on appeal is denied, and filing no. 92, insofar as that document may be intended as a motion for certification of an interlocutory appeal, is denied.

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously

---

[1] See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1. That insofar as filing no. 92 may be intended as a motion for certification of an interlocutory appeal, filing no. 92 is denied;

2. That pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a), in forma pauperis status on appeal is denied, as the appeal is not taken in good faith;

3. That pursuant to Fed. R. App. P. 24(a)(5), the plaintiff has 30 days after service of this Memorandum and Order to file a motion with the Eighth Circuit Court of Appeals for leave to proceed in forma pauperis on appeal; and

4. That pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit as notice that the plaintiff has been denied in forma pauperis status on appeal, and the Clerk shall process this application for leave to appeal to the Eighth Circuit.

Dated this 6th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge