IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS, ) | |
| ) | 4:05cv3238 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| LANCASTER COUNTY OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

  This matter is before the court on Filing No. 144, the Judgment and Mandate by the Eighth Circuit Court of Appeals dismissing the appeal by the plaintiff, Jerome Davis, and assessing the $255 appellate filing and docketing fees against Mr. Davis.[1] Because the plaintiff is a prisoner subject to the Prison Litigation Reform Act, the Eighth Circuit's Judgment states in pertinent part: "The full $255.00 appellate filing and docketing fees are assessed against the appellant. The court remands the assessment and collection of those fees to the district court."

  When, as in this case, the record contains no current trust account information for the appellant, the Eighth Circuit has instructed this court to assess an initial partial filing fee in a reasonable amount based on information available to the court. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997): "[F]ailure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances." No recent information is available to the court concerning the appellant's finances. Therefore, the court will require an initial partial appellate filing fee of $1.00, with the remainder of the fees to be collected in installments in the manner specified by 28 U.S.C. § 1915(b)(2).

---

  [1]Also pending before the court is Filing No. 141, the plaintiff's Affidavit dated June 20, 2006. In § 8 of Filing No. 141, the plaintiff asserts that the Affidavit of Randy Crosby is miscaptioned and should be stricken from the record. Pursuant to Fed. R. Civ. P. 7(b)(1), to obtain action or relief from the court in the form of an Order, a party must file a motion. An affidavit may be used to present facts or evidence to the court in support of a motion or pleading, but an application for an order must be by motion. Therefore, if the plaintiff wishes to pursue the matter, he may file a motion to strike whatever pleading he considers defective. However, the court cannot issue an order in response to an affidavit alone.

THEREFORE, IT IS ORDERED:

1. That the Eighth Circuit Court of Appeals has adjudged the plaintiff liable for the full $255.00 appellate filing and docketing fees;

2. That, because the plaintiff is a prisoner, the fees may not be waived but may be paid in installments pursuant to 28 U.S.C. § 1915(b);

3. That the plaintiff's custodian shall collect from the plaintiff's inmate trust account an initial partial appellate filing fee of $1.00, and shall remit that amount to the Clerk of Court as funds become available;

4. That, thereafter, all present and future custodians of the plaintiff shall collect and remit the balance of the $255.00 appellate filing fees in the manner required by 28 U.S.C. § 1915(b)(2);

5. That the Clerk of the Court shall send a copy of this Memorandum and Order to the appropriate financial officer for the plaintiff's institution; and

6. That no action will be taken on the challenge to Randy Crosby's Affidavit asserted in the plaintiff's Affidavit (Filing No. 141); however, the plaintiff is free to file an appropriate motion if he wishes to apply for action or relief from the court in the form of an Order.

DATED this 6th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge