IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | 4:05cv3238 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | and |
| | ) | ORDER SETTING SCHEDULE |
| LANCASTER COUNTY, et al., | ) | FOR PROGRESSION OF CASE |
| | ) | |
| Defendants. | ) | |

     This matter is before the court on the following pending motions: (1) Filing No. 90, the Motion for Reconsideration filed by the plaintiff, Jerome Davis; (2) Filing Nos. 91 and 148, the plaintiff's Motions to Compel Discovery; (3) Filing No. 95, the plaintiff's Request for Production of Documents; (4) Filing No. 97, the plaintiff's renewed Motion for Summary Judgment; (5) Filing No. 102, the plaintiff's Motion for copies of the record for use on appeal; (6) Filing No. 109, the plaintiff's Motion for Judicial Review; (7) Filing No. 126, the plaintiff's Motion for Depositions; (8) Filing No. 132, the plaintiff's Motion for Protective Order; (9) Filing No. 147, the plaintiff's Motion to Strike his Affidavit (Filing No. 141) which he miscaptioned and filed in the wrong case; (10) Filing No. 148, the plaintiff's Motion in Limine; (11) Filing No. 152, the plaintiff's Motion for Trial Date; (12) Filing No. 155, the plaintiff's Motion for Hearings on All Pending Motions; and (13) Filing No. 156, the plaintiff's Motion to Recuse De Novo.  The plaintiff is a state prisoner who was previously a detainee in the custody of the Lancaster County Jail when the events at issue in this case took place.

     The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §1983, alleging excessive force by the defendants.  The claim arose out of an altercation on November 16, 2004, between the plaintiff and a Lancaster County Corrections Officer, during which the

plaintiff struck the officer. After other officers restrained the plaintiff, they placed the plaintiff in a "restraint chair" and then into a holding cell. The plaintiff contends that the use of the restraint chair violated the Eighth Amendment to the United States Constitution as well as the plaintiff's rights to due process and equal protection.

As a preliminary matter, the following motions are granted: Filing No. 109, the plaintiff's Motion for Judicial Review, and Filing No. 147, the plaintiff's Motion to Strike his Affidavit (Filing No. 141). Regarding Filing No. 109, the plaintiff asks that the court review the evidence he has placed in the record thus far. The court has in fact reviewed the plaintiff's evidence in connection with his previous and his current motions for summary judgment. As for Filing No. 147, the Clerk of Court will be directed to strike Filing No. 141, the plaintiff's erroneously filed affidavit, as he requests.

In addition, the following motions are summarily denied: Filing No. 102, the plaintiff's Motion for copies of the record for use on appeal; Filing No. 155, the plaintiff's Motion for Hearings on All Pending Motions, and Filing No. 156, the plaintiff's renewed Motion for Recusal. Regarding Filing No. 102, the plaintiff's Motion for copies of the record for use on appeal must be denied as moot, in light of the dismissal by the Eighth Circuit Court of Appeals of the appeal in question. Regarding Filing No. 155, NECivR 7.1(d) states that a party may request oral argument in connection with a motion, but "[i]n general, however, the court will not grant leave for oral argument on motions." Furthermore, pursuant to NECivR 7.1(f) "[u]nless the court grants leave for oral argument, a motion shall be deemed submitted on the briefs and the evidence filed." The court has not granted oral argument as to any of the pending motions. As for Filing No. 156, the plaintiff's allegations of prejudice, conflict of interest, and discrimination are without foundation and are frivolous.

Any delays experienced by the plaintiff in connection with this case are attributable to the many motions and interlocutory appeals filed in this litigation, as well as the size of the court's docket and the number of other litigants requiring attention.

### Discovery Matters

In Filing Nos. 91 and 148, the plaintiff moves to compel discovery. In Filing No. 95, the plaintiff has filed a Request for Production of Documents. In Filing No. 126, he asks the court to order the defendants to cooperate in depositions upon written questions. In Filing No. 132, the plaintiff seeks a protective order granting him leave to have an inmate representative present at an oral deposition taken of him by the defendants.

Filing No. 91, which appears from the record to be unopposed, is granted. The plaintiff states that he served a request for production of the records listed in Filing No. 91 over 90 days prior to filing the Motion to Compel. If they have not done so already, the defendants shall deliver the records listed in Filing No. 91 to the plaintiff by October 31, 2006.

In Filing No. 95, the plaintiff has filed a Request for Production of Documents directly with the court, and Filing No. 95 has been docketed as a Motion for Production of Documents. In Filing No. 126, the plaintiff has filed a Motion for Deposition, asking the court to require the defendants to submit to depositions upon written questions pursuant to Fed. R. Civ. P. 31. Both motions are granted in part, in that the plaintiff is entitled to conduct discovery without leave of court. Instead, the plaintiff should simply serve all discovery requests directly on the attorney for the defendant(s). If responses to discovery requests are not forthcoming or are inadequate, the plaintiff may file a motion to compel discovery, attaching as exhibits the discovery requests, any letters evidencing efforts to

work out the discovery dispute(s) and any discovery responses and objections. Otherwise, discovery does not go through the court, and court personnel generally do not become involved in the parties' discovery efforts.

Generally, a plaintiff has a right to conduct depositions upon written questions, and the plaintiff has apparently served the written depositions or perhaps Notices of Deposition on the attorney for the defendants to be deposed. However, the defendants have responded with objections, and they have filed only certificates of service of those objections with the court (Filing Nos. 117-123). Because the plaintiff has not filed a proper motion to compel, with the supporting information (the discovery notices or depositions, letters evidencing efforts to resolve the discovery disputes, the discovery responses and objections), the court has no information on which to enter an order resolving the dispute. Thus, Filing No. 126 must be denied at this time, without prejudice to the filing of a properly supported motion to compel the depositions.

As for Filing No. 132, the plaintiff's protective order is denied. The court cannot order the plaintiff's institution to allow Billy Roy Tyler, another inmate, to assist the plaintiff at a deposition, as Mr. Tyler is not a licensed attorney. In addition, the plaintiff is not entitled to have Mr. Tyler present as a witness to prevent sabotage, as suggested in Filing No. 138.

Filing No. 148 is entitled Motion in Limine and Compelling Discovery and Certification. The plaintiff again asks the court to compel the discovery he sought to compel in Filing No. 91. To that extent Filing No. 148 is granted, as the court has determined that, if they have not already done so, the defendants shall deliver the records listed in Filing No. 91 to the plaintiff by October 31, 2006. However, in Filing No. 148, the

plaintiff also seeks an Order requiring the defendants to pay him $500 as a sanction for their refusal to cooperate in discovery. Finally, he moves in limine to exclude at trial certain investigative and disciplinary records as irrelevant to the subject matter of this action. The request for sanctions is denied, as the defendants have not disobeyed any order of the court. As for the evidentiary matters to be excluded, much closer to trial there will be an opportunity to submit all motions in limine. Until then, the court will deny the present motion in limine as premature.

**Additional Matters**

In Filing No. 90, the plaintiff asks the court to reconsider the court's decision of March 24, 2006, denying the plaintiff's Motion for Summary Judgment, and in Filing No. 97, the plaintiff has filed a renewed Motion for Summary Judgment. While the plaintiff is convinced that there exists no genuine issue of material fact left for trial and that all facts weigh in his favor, the court has previously decided otherwise. In addition, both parties are still conducting discovery. Filing Nos. 90 and 97 are denied.

**Order Setting Schedule for Progression of Case**

Finally, in Filing No. 152, the plaintiff requests a trial date. The court cannot schedule a trial date at this time. However, a Schedule for the Progression of this Case is set forth below:

1. Limits on Discovery. Each party is limited to serving seventy-five (75) interrogatories, including subparts, on any other party. If necessary, the parties may ask the court for leave to serve additional interrogatories. The plaintiff may take up to ten (10) depositions upon written questions pursuant to Fed. R. Civ. P. 31, subject to the limitations

of that rule. The defendants, as a group, are limited to taking ten (10) depositions upon oral examination in this case, without leave of court.

2. Adding Parties; Amending Pleadings. The court does not anticipate any additional motions to add parties. However, motions to amend pleadings may be filed by November 15, 2006.

3. Deposition Deadline. All depositions, whether or not they are intended to be used at trial, shall be completed by March 2, 2007. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date.

4. Motions for Summary Judgment. All motions for summary judgment or partial summary judgment shall be filed by April 2, 2007.

5. Pretrial Conference and Trial. The pretrial conference and trial of this matter will be set by further order(s) of the court.

6. Motions to Alter Dates. Any request for a change of date setting shall be directed to Magistrate Judge F.A. Gossett by written motion supported by a showing of good cause.

7. Plaintiff's address. The plaintiff must keep the court informed of any changes to the plaintiff's address while this case is pending. Failure to do so could result in dismissal.

THEREFORE, IT IS ORDERED:

1. That Filing No. 90, the plaintiff's Motion for Reconsideration, is denied;

2.     That Filing No. 91, the plaintiff's Motion to Compel Discovery, is granted, and if they have not done so already, the defendants shall deliver the records listed in Filing No. 91 to the plaintiff by October 31, 2006;

3.     That Filing No. 95, the plaintiff's Request for Production of Documents, is granted in part, in that the plaintiff is entitled to conduct discovery without leave of court by serving the requests directly on the attorney for the defendants;

4.     That Filing No. 97, the plaintiff's renewed Motion for Summary Judgment, is denied;

5.     That Filing No. 102, the plaintiff's Motion for copies of the record for use on appeal, is denied as moot;

6.     That Filing No. 109, the plaintiff's Motion for Judicial Review, is granted in that review has been conducted;

7.     That Filing No. 126, the plaintiff's Motion for Depositions, is granted in part and denied in part; the plaintiff has a right to conduct depositions upon written questions, but the motion is denied at this time, without prejudice to the filing of a properly supported motion to compel the depositions;

8.     That Filing No. 132, the plaintiff's Motion for Protective Order, is denied;

9.     That Filing No. 147, the plaintiff's Motion to Strike his Affidavit (Filing No. 141) which he miscaptioned and filed in the wrong case, is granted; the Clerk of Court shall strike Filing No. 141, as the plaintiff requests;

10.    That Filing No. 148, the plaintiff's Motion in Limine, is denied, without prejudice, as premature;

11. That Filing No. 152, the plaintiff's Motion for Trial Date, is denied; however, a Schedule for the Progression of this Case is set forth above;

12. That Filing No. 155, the plaintiff's Motion for Hearings on All Pending Motions, is denied;

13. That Filing No. 156, the plaintiff's Motion to Recuse De Novo, is denied; and

14. That pursuant to Fed. R. Civ. P. 54(b), this decision is not a final and appealable order until after entry of judgment adjudicating all the claims and rights of the parties.

Dated this 17th day of October, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge