IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS, ) | |
| ) | 4:05cv3238 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| LANCASTER COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Filing No. 161, the defendants' Motion to Reconsider the court's Memorandum and Order of October 17, 2006 (Filing No. 160), granting the Motions to Compel Discovery filed by the plaintiff, Jerome Davis. The defendants object to production of documents relating to the race or ethnicity of inmates subjected to the emergency restraint chair at the Lancaster County Jail, as such records are not maintained in any fashion which would permit a search by a method other than a burdensome and expensive manual review of every inmate file or of investigative reports maintained since 2000. The plaintiff has responded to the Motion to Reconsider in Filing No. 165, seeking sanctions for the defendants' efforts to evade discovery.

The court noted in Filing No. 160 that Filing No. 91, the plaintiff's Motion to Compel, appeared from the record to be unopposed. Then, when the plaintiff filed a Motion in Limine and second Motion to Compel (Filing No. 148), the defendants responded to the Motion in Limine but again remained silent as to the Motion to Compel. Because the defendants should have expressed a timely opposition to the plaintiff's Motions to Compel, the defendants' belated objection to discovery in their Motion to Reconsider would be summarily denied at this point if the documents sought by the plaintiff had any relevance at all to the plaintiff's claims.

However, the documents at issue in the Motion to Reconsider do not contain information relevant to the claims asserted by the plaintiff, and the requested discovery does not appear reasonably calculated to lead to the discovery of admissible evidence. The plaintiff has alleged claims of excessive force and cruel and unusual punishment, but he has *not* alleged any violation of his right to equal protection. Therefore, the race and ethnicity of other inmates subjected to the emergency restraint chair in question appears irrelevant to the plaintiff's claims in the above-entitled case.

Regarding cruel and unusual punishment, the Eighth Amendment to the United States Constitution is violated by the denial of "the minimal civilized measure of life's necessities," or by incarceration under conditions "posing a substantial risk of serious harm." Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citation and internal quotation marks omitted). It is the "unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hope v. Pelzer, 122 S.Ct. 2508, 2514 (2002); Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003).

The Eighth Circuit Court of Appeals has explained the principles governing prisoner claims of excessive force in Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002), as follows: "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, Whitley v. Albers, 475 U.S. 312, 319 ... (1986), regardless of whether an inmate suffers serious injury as a result. Hudson v. McMillian, 503 U.S. 1, 9 ... (1992). Officers are permitted to use force reasonably 'in a good-faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.' Id. at 7.... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship

between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id. See also Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993)." Accord Fillmore v. Page, 358 F.3d 496, 503-10 (7th Cir. 2004).

The plaintiff's claims do not rest on racial or ethnic discrimination, and the plaintiff has not asserted a claim based on a violation of his right to equal protection. Therefore, notwithstanding the defendants' belated opposition to the plaintiff's request for production of records relating to the race and ethnicity of inmates subjected to the emergency restraint chair at the defendants' jail, the requested records are irrelevant to this litigation.

Filing No. 161, the defendants' Motion to Reconsider, is granted insofar as the defendants are relieved of the obligation to produce any records relating to the race or ethnicity of inmates subjected to the emergency restraint chair at the Lancaster County Jail. This Memorandum and Order does not relieve the defendants of their duty to cooperate in discovery in any other respect. Filing No. 165, the plaintiff's Response and Motion to Hold the Defendants in Contempt and for Sanctions, is denied.

SO ORDERED.

DATED this 31st day of October, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge