IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME DAVIS, | ) | CASE NO. 4:05CV3238 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| LANCASTER COUNTY OF | ) | MEMORANDUM |
| CORRECTIONS, MARIA BACHMAN, | ) | AND ORDER |
| Officer, Lancaster County Jail, in | ) | |
| Individual and Official Capacities, | ) | |
| SCOTT BYKERK, Officer, Lancaster | ) | |
| County Jail, in Individual and Official | ) | |
| Capacities, STEVEN ENGSTROM, | ) | |
| Sgt., Officer, Lancaster County Jail, in | ) | |
| Individual and Official Capacities, | ) | |
| DONALD FOSTER, Officer, Lancaster | ) | |
| County Jail, in Individual and Official | ) | |
| Capacities, THOMAS MCMILLAN, Sgt., | ) | |
| Officer, Lancaster County Jail, in | ) | |
| Individual and Official Capacities, | ) | |
| MICHAEL SIEMER, Officer, Lancaster | ) | |
| County Jail, in Individual and Official | ) | |
| Capacities, MATTHEW VINCENTINI, in | ) | |
| his Individual Capacity, TAMI WASSEL, | ) | |
| Officer, Lancaster County Jail, in | ) | |
| Individual and Official Capacities, and | ) | |
| TERRY WEBER, Superintendent , | ) | |
| Lancaster County Jail, in Individual and | ) | |
| Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on several motions. The motions can be loosely categorized into three groups: 1) motions related to discovery; 2) motions related to pro se Plaintiff Jerome Davis's ability to retain a court reporter given his in forma pauperis status; and 3) motions filed by the Defendants seeking to amend their answers.

Plaintiff Jerome Davis has filed a motion to compel responses to his requests for discovery that relate to the Defendants' use of a therapeutic restraint chair. (Filing Nos. 168, 185, 190). Davis has filed several motions to compel that are related to his requests

for production of documents. The Defendants responded to Davis's first and second motions to compel by filing a Motion for Protective Order Limiting Discovery and Extending the Time for Responding to Discovery. (Filing No. 174). By the time that the motion to compel at Filing No. 190 was filed on December 19, 2006, Davis states that the Defendants had produced only 62 of the more than 800 documents that might be responsive to his requests. In response to that motion to compel and subsequent motions filed by Davis, the Defendants have represented that they have not produced documents pending the Court's resolution of its Motion for a Protective Order. The Defendants seek an order that limits the number of documents that they are required to produce, though they may be responsive to Davis's request regarding the restraint chair, based on other considerations. The Defendants' motion also seeks additional time for discovery. To the extent additional time is needed to produce documents to Davis, the extension of time is granted.

With regard to the Motion for a Protective Order, the Defendants ask the Court to limit the required production to exclude records of the restraint chair's use in connection with those who might have been suicidal at the time they were placed in the chair and those who were on a suicide watch. Second, the Defendants seek to limit the required production by date, such that documents generated after the date the Plaintiff was placed in the chair on November 16, 2004, would be excluded from the production. The Court concludes that both restrictions are reasonable and further the interests of justice. The exclusion of records relating to inmates' use of the chair in connection with threatened suicide and suicide watches protects the privacy interest of inmates not involved in this litigation. In addition, restricting the production to records generated between the first use

2

of the chair and Davis's use of the chair on November 16, 2004, will ensure that the records are relevant to the issue raised in the complaint and will relieve Defendants of any unfair burden of production that exists due to the sheer number of records and the manner in which the records must be reviewed to obtain the salient information.

Davis has also filed two motions in connection with the records relating to the use of the restraint chair. In these motions, Davis seeks to compel production of the names and most recent addresses of anyone who has been put in the restraining chair from the time of its first use at the jail in 1999 until the date his claim accrued in November 16, 2004. (Filing No. 189, 198). For privacy reasons and because the names and most recent addresses of those who have had experience with the chair have only marginal relevance to Davis' claims, these motions will be denied.

Davis has also filed a motion to obtain certified copies of the order granting him the right to proceed in forma pauperis (Filing No. 170), and he filed a Motion for the Paperwork to Hire a Court Reporter. (Filing No. 186). The Court does not possess forms authorizing litigants who are proceeding in forma pauperis to retain the professional services of a court reporter. Even if the Court had such forms, to the extent those forms would be used by Davis to seek leave of the Court to hire a court reporter, such leave would be denied. The court's order granting Davis permission to proceed in forma pauperis does not also authorize him to hire a court reporter. Accordingly, that motion will be denied.

The Defendants have filed Motions seeking leave to file amended answers to include an allegation that Davis has failed to exhaust his administrative remedies under the PLRA. (Filing Nos. 177, 179). Davis has objected to the Defendants' motions to amend by offering evidence that he has exhausted his administrative remedies. (Filing No. 187).

The Court finds that the Defendants' motion to amend should be granted, and if dismissal is sought on the ground that he failed to exhaust administrative remedies, then Davis will be given an opportunity to respond, and will be permitted to direct the Court in writing to filing no. 187, and any evidence that he has filed, or in the future may file, to counter any such argument in favor of dismissal.

In its own category is Davis's motion to obtain copies of the documents that are included in his Index of Evidence, the originals of which he once possessed but which he filed as his index of evidence in opposition to the Defendants' Motion for Summary Judgment. (Filing No. 212). The motion will be granted, and the Clerk will provide Davis with copies of the Index at Filing No. 211. Electronic copies of the Index are available to the Defendants through the Court's CM/ECF system and need not be served upon the Defendants by Davis a second time.

For the reasons stated herein,

IT IS ORDERED:

1. The Plaintiff's Motion for certified copies of Plaintiff's leave to proceed in forma pauperis (Filing No. 170) is denied, though the Plaintiff will be provided with a regular copy of the Order granting Plaintiff's motion for leave to proceed in forma pauperis;

2. The Defendants' Motion for Protective Order Limiting Discovery and Extending Time for Responding to Discovery Order (Filing No. 174) is granted, and the protective order provides:

    The Defendants need not disclose the following documents that are otherwise responsive to the Plaintiff's request for documents:

      A) records relating to the restraint chair's use in connection with those who may have been suicidal at the time they were placed in the chair and those who were on a suicide watch; and

      B) records generated after November 30, 2004;

3. The Plaintiff's Motions to Compel additional disclosures (Filing Nos. 168, 185, and 190) are granted, subject to the protective order described in Paragraph 2 (A) and (B);

4. Defendants are directed to produce the documents that are not covered by the protective order as soon as is practicable, but not later than July 31, 2007;

5. The Defendants' Motions seeking leave to file amended their answers to include a defense that Plaintiff has failed to exhaust his administrative remedies under the Prisoner Litigation Reform Act (Filing Nos. 177 and 179) are granted; and the Defendants shall file the amended Answer at their earliest possible time, but no later than July 31, 2007;

6. The Plaintiff's objection to the Defendants' motions to amend (Filing No. 187) is denied without prejudice to reassertion of arguments and evidence in opposition to any future motion to dismiss by Defendants based on the Plaintiff's failure to exhaust administrative remedies;

7. The Plaintiff's Motion for Paperwork to Hire a Court Reporter (Filing No. 186) is denied;

8. The Plaintiff's Motions to Compel the production of names and most recent addresses (Filing Nos. 189 and 198) are denied;

9. Davis's Motion for Copies (Filing No. 212) is granted;

10. The Clerk is directed to make copies of the Index of Evidence at Filing No. 211 and of the Order granting the Plaintiff's motion for leave to proceed in forma pauperis (Filing No. 7), and to send the copies by United States mail to the Plaintiff; and

11. With regard to the Defendants' Motion for **Summary Judgment**, the Plaintiff shall file additional arguments and evidence that he may have in opposition to the motion for summary judgment, if any, on or before **August 15, 2007;** and Defendants shall file their reply on or before **August 22, 2007.**

DATED this 16th day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge